IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MONICA S. JAMES, BERNADETTE HOFFMAN, LORRIE MOORE, and TIARA PRISBEY, | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | Case No. 2:07-cv-937-DB-PMW |
| v. | |
| FRANK'S WESTATES SERVICES, INC. and GENE McFARLAND, | District Judge Dee Benson |
| Defendants. | Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Monica S. James, Bernadette Hoffman, Lorrie Moore, and Tiara Prisbey's (collectively, "Plaintiffs") motion to compel.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiffs submitted discovery requests that were answered by Frank's Westates Services, Inc. ("Frank's") and Gene McFarland (collectively, "Defendants") on April 4, 2008. The specific discovery requests put at issue by the instant motion are Interrogatory 7(a) and Document

---

[1] *See* docket nos. 14, 15.

[2] *See* docket no. 12.

Requests 15, 22, and 29.  Defendants objected to those discovery requests on the grounds that they are overly broad, excessively burdensome, oppressive, and seek information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of relevant information.  Counsel for both Plaintiffs and Defendants exchanged correspondence in an effort to resolve the dispute over the discovery requests at issue without court action.  *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).  When counsel's attempts to resolve the dispute were unsuccessful, Plaintiffs filed the motion before the court.  The court will address each of the discovery requests at issue in turn.

## I. Interrogatory 7(a)

Interrogatory 7(a) sought from Defendants the "full name[;] current or last known business and residential address[;] current or last known business, residential[,] and cellular telephone numbers[;] and [S]ocial [S]ecurity number" of "[e]very employee who was employed by [Frank's] at the location of Plaintiffs' employ from the time of the Plaintiffs' employment with [Frank's] through the time of answering this discovery."[3]  Plaintiffs assert that the information requested by Interrogatory 7(a) is relevant to their case.  Plaintiffs contend that the employees working at Frank's during the same time frame as Plaintiffs will have the ability to corroborate Plaintiffs' testimony.  Accordingly, Plaintiffs argue that the information requested by Interrogatory 7(a) is discoverable.

---

[3] Docket no. 13, Exhibit 1.

In response, Defendants assert that Frank's has employed hundreds, if not thousands, of persons at its Vernal, Utah location during the time period identified in Interrogatory 7(a). Accordingly, Defendants assert that responding to Interrogatory 7(a) would be unduly burdensome and costly. Defendants also argue that they should not be required to disclose Frank's past and current employees' Social Security numbers because doing so would result in an unnecessary disclosure of sensitive and confidential information. Finally, Defendants argue that Interrogatory 7(a) requests information from a class of people that is far too broad.

The court is not persuaded by Defendants' argument that the class of people identified in Interrogatory 7(a) is too broad. The court is also not convinced that requiring Defendants to produce the information for that class of people will be overly costly and burdensome. In the court's view, it is reasonable to allow Plaintiffs to discover the identities of all employees who worked for Frank's at the same Plaintiffs worked for Frank's, especially in light of the allegations of Plaintiffs' complaint.

At the same time, however, the court shares some of Defendants' concerns about Interrogatory 7(a) as it relates to the privacy interests of Frank's current and former employees. More specifically, the court concludes that the production of Social Security numbers would unnecessarily reveal sensitive and confidential information about Frank's current and former employees. While the court recognizes Plaintiffs' argument that the information requested by Interrogatory 7(a) concerns a demographic of people who tend to be transient in nature, Plaintiffs have not persuaded the court that the disclosure of Social Security numbers is necessary to locate those individuals. Although Plaintiffs have cited to legal authority in support of their argument,

that authority is merely persuasive and is not binding on the court. In sum, the court has determined that the need to protect the privacy of the individuals identified in Interrogatory 7(a) outweighs Plaintiffs' asserted need for those individuals' Social Security numbers.

For these reasons, the court will require Defendants to provide to Plaintiffs the information requested by Interrogatory 7(a) with the sole exception of Social Security numbers.[4]

## II. Document Requests 15, 22, and 29

Document Requests 15, 22, and 29 request the following documents:

> 15. Copies of all documents reflecting agreements with every employee of [Frank's] who was terminated or laid off during the five years preceding the filing of the complaint in this action up to and including the date of answering this discovery.
>
> . . . .
>
> 22. All documents provided or created at the time any other employee left the employ of [Frank's] in which said employee gave reasons for that employee's resignation.
>
> . . . .
>
> 29. Copies of all unemployment claims submitted by any employee since [Frank's] has owned and/or operated the business at issue herein.[5]

---

[4] As a final matter with respect to Interrogatory 7(a), the court has noted Plaintiffs' assertion that Frank's sent a letter to its employees about this case. Plaintiffs assertion, however, appears to be nothing more than an observation, as it is not accompanied by any request for action by the court. Accordingly, the court will not address it further.

[5] Docket no. 13, Exhibit 1.

Plaintiffs argue that each of the categories of documents referenced in those document requests is likely to lead to discoverable information. Plaintiffs, however, support that argument by making the unsupported claims that the above-referenced document requests "identify people who, in all likelihood, left Frank's employ on other than positive terms" and that those people "may have left because they were being harassed . . . in the same fashion as [Plaintiffs]."[6]

In response, Defendants argue that the above-referenced document requests are overly broad, are excessively burdensome, and seek information that is neither relevant to this case nor reasonably calculated to lead to the discovery of relevant information. Defendants also argue that they are prohibited from responding to Document Request 29 by Utah Code § 35A-4-312.

The court agrees with Defendants' argument that Document Requests 15 and 22 are overly broad. Plaintiffs have failed to persuade the court that those requests, as drafted, are reasonably calculated to lead to the discovery of relevant information or admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Indeed, even Plaintiffs' own arguments demonstrate the speculative nature of the requests.

At the same time, however, the court has determined that had Document Requests 15 and 22 been more specifically and narrowly tailored to this case, they would seek relevant information or information that was reasonably calculated to lead to admissible evidence. Accordingly, the court has determined that it will order Defendants to answer a more limited version of those two requests. For Document Requests 15 and 22, the court will require

---

[6] Docket no. 13.

Defendants to provide only responsive documents that involve circumstances similar to the factual allegations of this case. More specifically, Defendants shall provide the requested documents, to the extent they exist, but only for those past employees who lodged complaints about sexual harassment and/or the existence of a hostile work environment at Frank's. The court has also determined that the time limitation contained in Document Request 15 (i.e., the five years preceding the filing of the complaint in this case up to and including the date of the discovery response) is appropriate for both requests. If responsive documents do not exist for either Document Request 15 or 22, Defendants shall provide Plaintiffs with an affidavit or affidavits indicating as such.

As to Document Request 29, the court has concluded that it is overly broad, not drafted to seek relevant information, and not reasonably calculated to lead to the discovery of admissible evidence. *See id*. Plaintiffs claim that the request will help them ascertain the class of people who have had employment disputes with Frank's. While that may be true, such an argument presents too tenuous a connection between the requested documents and the allegations involved in this case. Further, even if the request were more specifically tailored to this case, it appears that Defendants may be prohibited by Utah law from disclosing the requested documents. *See* Utah Code § 35A-4-312(3), (4)(a). Accordingly, the court will not require Defendants to respond to Document Request 29.

In summary, Plaintiffs' motion to compel[7] is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Defendants shall provide to Plaintiffs the information requested by Interrogatory 7(a) with the sole exception of Social Security numbers.

2. As to Document Requests 15 and 22, Defendants shall provide responsive documents, to the extent they exist, but only for those past employees who lodged complaints about sexual harassment and/or the existence of a hostile work environment at Frank's. For both Document Requests 15 and 22, Defendants shall provide those documents for the five years preceding the filing of the complaint in this case up to and including the date of the discovery response. If responsive documents do not exist for Document Requests 15 or 22, Defendants shall provide Plaintiffs with an affidavit or affidavits indicating as such.

3. Defendants are not required to respond to Document Request 29.

**IT IS SO ORDERED**.

DATED this 10th day of July, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 12.