IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MONICA S. JAMES, BERNADETTE HOFFMAN, LORRIE MOORE, AND TIARA PRISBREY,<br><br>               Plaintiffs,<br><br>v.<br><br>FRANK'S WESTATES SERVICES, INC., AND GENE MCFARLAND,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-00937-CW<br><br>Judge Clark Waddoups |

## DISCUSSION

Before the court is Defendants Frank's Westates Services, Inc.'s ("Frank's") and Mr. Gene McFarland's motion to separate trials pursuant to Fed. R. Civ. P. 42(b). Rule 42(b) permits the court to order separate trials for the purposes of convenience, the avoidance of prejudice, or the increase of efficiency. *See* Fed. R. Civ. P. 42(b). "District courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999) (internal citations omitted). Defendants claim that in order to avoid prejudice to Mr. McFarland, the trial should be separated in two ways: (1) that the hostile work environment claims should be tried separately from the intentional infliction of emotional distress ("IIED") claims, and (2) that the individual IIED claims against Mr. McFarland should be tried separately from each other.

1

## I. SEPARATION OF THE HOSTILE WORK ENVIRONMENT AND IIED CLAIMS

Defendants first assert that very little of Plaintiffs' evidence on the hostile work environment claim will be admissible for the IIED claims against Mr. McFarland. (Defs.' Mem. Supp. Mot. Separate Trials, 4-5.) Defendants further contend that this evidence would prove prejudicial in their IIED defense if included. (Defs.' Mem. Supp. Mot. Separate Trials, 5.) Speaking to the elements of an IIED claim, Defendants contend that "[m]any of the allegations made in support of the plaintiffs' claims for hostile work environment . . . were not directed at any plaintiff, were not directed at a family member of a family member of a plaintiff in the presence of the plaintiff, or directed at a third person in a plaintiff's presence resulting in bodily harm to that plaintiff." (Defs.' Mem. Supp. Mot. Separate Trials, 1.) Although generally true, Defendants have failed to fully appreciate the unique interplay between hostile environment sexual harassment and IIED claims, and to apply this relationship in their analysis.

In analyzing the hostile work environment claim, there is both a subjective and an objective prong. *See James v. Frank's Westates Services, Inc.*, No. 2:07-CV-937, 2010 U.S. Dist. LEXIS 108042, at *8-12 (D. Utah Oct. 8, 2010). The subjective prong relates to the victim's perception of the abusive environment, while the objective prong considers the environment. *See id.* In evaluating the second prong, the trier of fact must consider actions that are directed to a plaintiff and those that are not, "because one of the critical inquiries in a hostile environment claim must be the *environment*." *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir. 1987).

If the trier of fact finds that hostile work environment sexual harassment exists, such a finding has direct bearing on the IIED claim. In *Retherford v. AT&T Commc'n*, the Supreme Court of Utah found that "the conduct generally labeled sexual harassment is outrageous and

intolerable and, when performed with the requisite intent, satisfies the elements of the tort of intentional infliction of emotional distress." *Retherford*, 844 P.2d 949, 978 (Utah 1992). In other words, the sexual harassment of a third party may alone be sufficient to prove the IIED claim if it is shown that the intention of that harassment and the resulting harm was an infliction of emotional distress on the plaintiff. Offering proof of this intention is Plaintiffs' burden at trial. Accordingly, Defendants' contention fails.

## II. SEPARATION OF THE INDIVIDUAL IIED CLAIMS

Defendants' second contention is that the IIED claims should be tried separately to avoid prejudice to Mr. McFarland. Specifically, Defendants argue that "it would be impossible for a jury to hear such inflammatory allegations and then expect the jurors to separate such allegations from each plaintiff's individual IIED claim against Mr. McFarland." (Defs.' Mem. Supp. Mot. Separate Trials, 5.) The court does not share Defendants' concern that the jury will necessarily become confused or unable to separate the various claims and related evidence. Indeed, the court is confident that both parties can make the necessary distinctions in their presentations and arguments at trial. Moreover, to the extent Plaintiffs attempt to offer irrelevant statements, Defendants can and will be expected to make timely objections to preclude the inclusion of such evidence or to limit its admission to a particular plaintiff's claim. As such, the court cannot agree that a consolidated trial would "be patently unfair to Mr. McFarland." (Defs.' Mem. Supp. Mot. Separate Trials, 4.)

It is also worth noting that other factors weigh in favor of a combined trial. As described above, because the IIED claims hinge partly on the hostile work environment sexual harassment

claim, there are "common [questions] of law or fact." *See* Fed R. Civ. P. 42(a). There is, therefore, good reason to consolidate the trial for purposes of expediency and economy.[1]

## CONCLUSION

As stated above, both the sexual harassment claims and the IIED claims will necessarily require the use of overlapping evidence. There is no dispute that joining the trials would increase efficiency and lower the costs of litigation. Although the court is cognizant of Defendants' concern, it is likewise confident that an appropriate jury instruction will mitigate any prejudice. The court will give the jury instructions prior to receiving evidence to guide it as to its duty to consider evidence offered against a particular defendant or to support a particular claim for the limited purpose for which it is admitted. Defendants' motion to separate trials is DENIED.

DATED this 6th day of January, 2011.

BY THE COURT:

_____

Clark Waddoups
United States District Court Judge

---

[1] Because the court is satisfied that the balance of factors weighs in favor of a combined trial, the court need not consider Plaintiffs' argument that a bifurcation would be unduly burdensome to Plaintiffs and their witnesses, or that it would otherwise prejudice their claims. (Pls.' Opp'n Mot. Separate Trials, 7.)