IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MONICA S. JAMES, BERNADETTE HOFFMAN, LORRIE MOORE, AND TIARA PRISBREY,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK'S WESTATES SERVICES, INC., AND GENE MCFARLAND,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-00937-CW<br><br>Judge Clark Waddoups |

**PLAINTIFFS' MOTION FOR A NEW TRIAL**

Plaintiffs argue that Michael Smith and Misty Smith's failure to adhere to their subpoenas to appear at trial prejudiced their cases. On this basis, Plaintiffs move for a new trial. (Pls.' Mot. New Trial) (Dkt. No. 142). A new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). In an attempt to proffer such a reason, Plaintiffs have cited two inapposite cases. Plaintiffs first cite *U.S. v. Patterson*, 41 F.3d 577 (10th Cir. 1994). *Patterson*, is a criminal case involving the denial of a motion to continue. *Id.* at 578. The case at hand is not a criminal case, and no motion for continuance was brought before this court. Plaintiffs also cite *Boyd v. Champagne*, No. 3-1407 Section "N"(4), 2004 U.S. Dist. LEXIS 14232 (E.D. La. 2004). Contrary to Plaintiffs' contention that "the implicit holding is clear," the motion for a new trial by the pro se litigant in *Boyd* was denied because it was untimely. *Id.* at *6. Plaintiffs' contentions are without merit. In any event,

the remedy for coping with a surprise, such as a witness's nonappearance at trial, "is not to seek reversal after an unfavorable verdict, but a request for a continuance at the time the surprise occurs." *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 961-62 (10th Cir. 1993) (citations omitted). Plaintiffs failed to move for a continuance, and as such, their argument is rejected.[1]

Plaintiffs also assert that had Mike Smith been present at trial he could have laid foundation for statements made in his deposition that were excluded. There is, however, no evidence before the court that Mike Smith could have laid the required foundation. Further, there is no evidence before the court that Misty Smith would have offered testimony to rebut the testimony offered at trial by other witnesses. This conclusion is strengthened by the fact that Plaintiffs did not offer testimony to rebut the evidence when called to testify on Plaintiffs' rebuttal case.

Lastly, Plaintiffs have provided no evidence that the unavailable testimony would have had any bearing on the jury's holding. Plaintiffs have simply contended that they were prejudiced by "the absence of critical testimony regarding Gene McFarland's prior sexually-based conduct and rebuttal of insinuations arising from the hearsay testimony . . . ." (Reply Mot. New Trial, 4) (Dkt. No. 148). Thus, even if Plaintiffs had provided supporting evidence that the unavailable

---

[1] Plaintiffs' reliance on *United States v. Quintanilla* and subsequent argument concerning the lack of a motion for continuance is not persuasive. (Pls.' Reply Mot. New Trial, 3) (Dkt. No. 148). In *Quintanilla*, the trial court erroneously granted a retrial based on a concern that it had inappropriately denied the defendant's pre-trial motion for continuance, despite the defendant not raising the issue in its motion for new trial. 193 F.3d 1139, 1148 (10th Cir. 1999). The Tenth Circuit adopted the Third Circuit's reasoning that a court may not grant a new trial "on a basis not asserted by the defendant." *Id.* (citing *United States v. Newman*, 456 F.2d 668, 670 (3d Cir. 1972). Because the denial of the motion for continuance was not raised by defendant, the Tenth Circuit held that the trial court did not have jurisdiction to consider it.
    Simply stated, Plaintiffs' use of *Quintanilla* has no relevance to the case at hand. Plaintiffs never filed a motion for continuance, which means that the court never denied a motion for continuance. Even if the facts were different, however, in no event does it follow that Plaintiffs' objections to the deposition testimonies of Mike Smith and Mindy Smith render a motion for continuation unnecessary as a matter of law. *See* (Pls.' Reply Mot. New Trial, 3.) Indeed, if their cases required that Mike Smith and Mindy Smith be present to testify, Plaintiffs should have moved for a continuation – particularly in light of the fact that Plaintiffs were aware that Mike Smith would likely not appear. (Pls.' Reply Mot. New Trial, 2). Because they had notice of the situation, any prejudice that may have been felt is due only to Plaintiffs' own oversight and mistake.

witnesses could have provided foundation or rebutting testimony, there is no argument that suggests that such testimony would have had any impact on the judgment. Particularly in light of the jury's finding that each Plaintiff failed to prove every element of her every claim, the court cannot find that Mike Smith and Misty Smith's failure to appear prejudiced Plaintiffs' actions.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for a new trial is DENIED.

DATED this 26th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge