IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| MONICA S. JAMES, BERNADETTE HOFFMAN, LORRIE MOORE, AND TIARA PRISBREY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK'S WESTATES SERVICES, INC., AND GENE MCFARLAND,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-00937-CW<br><br>Judge Clark Waddoups |
|---|---|

## INTRODUCTION

Before the court are Plaintiffs' motion to strike taxation of costs and Defendants' motion to review and revise taxation of costs. Both parties dispute, in whole or in part, the Taxation of Costs entered by the clerk on April 28, 2011. For the reasons discussed below, the court denies Plaintiffs' motion to strike costs and grants in part Defendants' motion to revise taxation of costs.

## FACTUAL BACKGROUND

Defendants, having prevailed at trial and having judgment entered in their favor, submitted a Bill of Costs on March 1, 2011. (Dkt. No. 143.) Plaintiffs objected to the award of costs, claiming (a) that Defendants' Bill of Costs included costs that were not recoverable, and (b) that Plaintiffs' indigence should preclude an award of costs to Defendants. *See* Pls.' Opp'n Br., 2-6 (Dkt. No. 145.)

After crediting some of Plaintiffs' specific objections with regards to photocopies and video

depositions, the clerk entered taxation of costs in favor of Defendants in the amount of $21, 536.96. Taxation of Costs, 3 (Dkt. No. 150.) Following the costs taxation entry by the clerk, Plaintiffs immediately moved to strike the taxation, renewing their initial objections to Defendants' Bill of Costs and also claiming that the award of costs to Defendants would be inequitable in this particular case. Defendants also objected to the clerk's taxation of costs, particularly with regards to the costs of video depositions, and have moved the court to review and revise the Taxation of Costs.

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." While Rule 54(d)(1) does give district courts discretion in the taxing of costs, *see Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998), the Tenth Circuit has interpreted the rule to create a presumption in favor of awarding costs to the prevailing party. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) ("Rule 54 creates a presumption that the district court will award the prevailing party costs. Thus the established rule is that costs are generally awarded to the prevailing party.") (citation omitted). The non-prevailing party has the burden of overcoming this presumption. *Id*.

Plaintiffs first argue that the circumstances of this case make an award of costs to Defendants inequitable. Their argument rests on the assertion that "the reasonable facts, not screened by artificial rules" showed that Defendants had engaged in "very pervasive harassment." Pls.' Mem. Supp. Mot. to Strike Costs, 2 (Dkt. No. 152.) Plaintiffs argument is completely without merit. Defendants were exonerated by a jury at trial. The jury found in favor of Defendants on every count

and every question. *See* Special Verdict (Dkt. No. 133.) Plaintiffs initiated this suit and did not present evidence sufficient to prevail. Furthermore, the evidence presented at trial supported allegations that Plaintiffs brought this suit in bad faith in order to extort money from Defendants. They do not have the right to deny an award of costs to Defendants on the basis of bare assertions not supported by admissible evidence.

Moreover, the Tenth Circuit has stated, "the denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *See Rodriguez*, 360 F.3d at 1190. The court finds no such apparent reason in this case.

Plaintiffs also argue that their indigence should compel this court to deny an award of costs to Defendants. In *Rodriguez*, the Tenth Circuit acknowledged that the indigent status of a non-prevailing party has been recognized by other circuits as a circumstance in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party. 360 F.3d at 1190. *See also Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995); *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997). However, the Tenth Circuit has never held that indigence alone is sufficient to warrant denying costs to a prevailing Defendant. *See Rodriguez*, 630 F.3d at 1190 (affirming trial courts grant of costs even though plaintiffs were indigent because plaintiffs did not provide a reason to penalize defendant). *See also Mundell v. Bd. of County Comm'rs*, No. 05-cv-00585-REB-MJW, 2007 U.S. Dist. LEXIS 97921, at *3 (D. Colo. Apr. 5, 2007) ("Although indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1).") (citing *Smith v. Blue Cross/Blue Shield, Inc.,* 184 F.R.D. 634, 636 (D. Kan. 1999)).

Plaintiffs cite *Williams v. Hevi-Duty Electric Co.*, 122 F.R.D. 206, 214 (M.D. Tenn. 1988) to support their argument that this court should only look at their current financial situation, and not their future ability to pay, when determining whether they are able to pay Defendants' costs. Plaintiffs misconstrue *Williams*. In *Williams*, the relevant question was whether, when determining the ability to pay costs, the court should look to a party's financial status at the time of assessment or at the time the Bill of Costs was submitted. *Id*. The court held that the time of assessment is the relevant time at which to judge a party's ability to pay costs. *Id*. ("The court also finds that it is the current financial situation of the plaintiff which is relevant -- not his economic status at the time defendant originally submitted his proposed bill of costs."). When evaluating indigence as a defense to an award of costs, courts must determine whether the non-prevailing party is capable of paying the court-imposed costs now or in the future. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006); *Treaster v. Healthsouth Corp.*, 505 F. Supp. 2d 898, 902 (D. Kan. 2007). To prove an inability to pay now or in the future, a party must meet "the burden of providing the court with sufficient documentation to support such a finding." *Treaster*, 505 F. Supp. at 902.

Plaintiffs have not provided sufficient evidence to prove their inability to pay Defendants' costs now or in the future. Each plaintiff has submitted a declaration, describing their financial situation as dire. Although each plaintiff describes an inability to pay Defendants' costs today, there is no evidence that Plaintiffs' financial situation is likely to persist in the future. Plaintiffs have failed to meet their burden of proving their indigence. Furthermore, even were this court to find Plaintiffs indigent, Plaintiffs have offered no reason to penalize Defendants by denying costs.

Plaintiffs finally dispute certain items contained in Defendants' Bill of Costs, specifically

costs relating to photocopies, video depositions, and travel expenses for one of Defendants' witnesses. *See* Pls.' Mem. Supp. Mot. to Strike Costs, 3-5 (Dkt. No. 152.) The clerk reviewed Plaintiffs' arguments with regards to certain items in Defendants' Bill of Costs, and deducted $402.60 in copy costs from the Defendants' Bill of costs. Taxation of Costs, 2 (Dkt. No. 150.) This court has reviewed the clerk's Taxation of Costs and finds this reduction to be reasonable. The clerk chose not to deduct the travel expenses for Jim Breaux, the Defendants' witness. *See* Taxation of Costs, 3 (Dkt. No. 150.) The court also finds the clerk's reasoning with regard to Mr. Breaux's travel expenses to be sound.

The clerk also deducted the entire cost for video depositions incurred by Defendants. *See* Taxation of Costs, 3 (Dkt. No. 150.) Defendants have asked the court to review the clerk's Taxation of Costs with respect to the deduction of the cost of video depositions. Defs.' Mot. to Review Taxation of Costs (Dkt. No. 154.) The costs associated with videotaping a deposition are taxable under Rule 54. *Tilton v. Capital Cities/ABC*, 115 F.3d 1471, 1477 (10th Cir. 1997). However, the court must still determine whether those costs were "reasonably necessary for use in the case" in order to tax them to the non-prevailing party. *Callicrate*, 139 F.3d at 1339. The most direct evidence of necessity is the actual use of materials at trial, though this is not required. *United States Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988).

In the present case, Defendants incurred costs for the videotaping of four witnesses, in the amount of $2310.85. Defs.' Mem. Supp. Mot. to Review Taxation of Costs, 1 (Dkt. No. 155.) Two of these videos were used at trial, where Defendants were exonerated by a jury. The court will award the costs of the video depositions of Bernadette Hoffman and Tiara Prisbey that were used at trial,

but not those which were not used at trial.  In accordance with Defendants' supplemental briefing regarding the costs of video depositions, the court imputes the cost of the video deposition for Bernadette Hoffman to be $639.10 and the cost of the video deposition for Tiara Prisbrey to be $558.62.[1]  *See* Defs.' Supplemental Mem. Regarding Video Depositions (Dkt. No. 160.)

## **CONCLUSION**

The court hereby DENIES Plaintiffs' motion to strike the Taxation of Costs (Dkt. No. 150) and GRANTS IN PART and DENIES IN PART Defendants' motion to revise the clerks Taxation of Costs (Dkt. No. 150).  The court grants costs for the video deposition of Bernadette Hoffman in the amount of $639.10 and for the video deposition of Tiara Prisbrey in the amount of $558.62.  The court otherwise denies Defendants' motion.

DATED this 3<sup>d</sup> day of November, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] As Defendants were billed for video depositions on a daily basis, and not on a per deponent or hourly basis, the court is compelled to impute the cost of each deposition on a proportional basis. Defendants were charged $1,250 for the video depositions of Monica James and Tiara Prisbrey together.  Ms. Prisbrey's deposition lasted three hours and one minute, while Ms. James' deposition lasted three hours and forty-four minutes.  Defendants were charged $1,000 for the video depositions of Bernadette Hoffman and Lorrie Moore together.  Ms. Hoffman's deposition lasted two hours and fifty-minutes, while Ms. Moore's deposition lasted one hour and thirty-three minutes.  *See* Defs.' Supplemental Mem. Regarding Video Depositions, 2 & Ex. A (Dkt. No. 160.)